# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>CYNTHIA ANNE BENNETT,<br><br>Debtor. | Case No. 20-00009-TLM<br><br>Chapter 13 |

## ORDER

On January 6, 2020, Cynthia Anne Bennett ("Debtor") filed the above captioned case. However, on that date, Debtor had another open chapter 13 case, Case No. 19-00706-JMM ("First Case"). Debtor's voluntary motion to dismiss was pending in the First Case.[1] On January 7, 2020, Mountain West Bank ("Mountain West"), a creditor that had obtained stay relief in the First Case, filed a Motion to Dismiss this case and set the same for hearing on January 14, 2020. Doc. Nos. 9, 10. Mountain West also filed a motion to shorten time to allow for the expedited January 14 hearing, and the Court granted the same. Doc. Nos. 11, 13.

Mountain West's motion requests dismissal based on two grounds. First, Mountain West argues the case should be dismissed for cause under § 1307(c) as Debtor cannot have two pending cases due to the "single estate rule" or alternatively because the two cases affect the same debts given Debtor's lack of discharge in the First Case.

---

[1] Pursuant to LBR 1017.1, the chapter 13 trustee and creditors are allowed 7 days to object to Debtor's voluntary motion to dismiss. Thus dismissal was not automatic upon Debtor's motion, and it only became ripe on January 7, 2020.

ORDER - 1

However, on January 8, 2020, after Mountain West filed its Motion to Dismiss in this case, the Court entered an order dismissing the First Case based on Debtor's voluntary motion. Thus, there are no longer two cases pending, and Mountain West's argument regarding dual bankruptcy cases is determined to be moot.

Mountain West also argues dismissal is appropriate because Debtor is not eligible to be a debtor in the present case. Pursuant to 11 U.S.C. § 109(g)(2), "no individual . . . may be a debtor [in bankruptcy] who has been a debtor in a case pending under this title at any time in the preceding 180 days if– . . . the debtor requested *and obtained* voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." (Emphasis added). Here, Debtor voluntarily sought to dismiss the First Case on December 28, 2019, after Mountain West obtained stay relief on November 26, 2019. Case No. 19-00706-JMM at Doc. Nos. 55, 56. However, due to the operation of LBR 1017.1, *see* note 1 above, the First Case was not dismissed until after Debtor filed the present case. Thus, while Debtor was a debtor with a case pending within 180 days of filing, and she had requested dismissal of such case following the grant of stay relief to Mountain West, she had not *obtained* the dismissal and thus § 109(g)(2) did not bar her from being a debtor when she filed on January 6, 2020. *See In re Payton*, 481 B.R. 460 (Bankr. N.D. Ill. 2012) (listing conditions required for ineligibility under § 109(g)(2) including the requirement that "both the request for and the granting of voluntary dismissal occurred during the 180 days before the filing of the person's current case."). As such, it appears § 109(g)(2) does not apply to bar Debtor from her January 6, 2020 filing.

ORDER - 2

Given the dismissal of the First Case and the Court's analysis of the application of § 109(g)(2), Mountain West's Motion to Dismiss, Doc. No. 9, is DENIED, and the January 14, 2020 hearing scheduled on Mountain West's motion is VACATED. However, such dismissal is without prejudice to the filing of any other request for relief, including under § 362(d) and the scheduling of hearing on the same.[2]

IT IS SO ORDERED.

DATED: January 9, 2020

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

---

[2] Should Mountain West file a § 362(d) motion, the Court, pursuant to LBR 4001.2(e)(1)(A), determines sufficient cause has been shown to allow Mountain West to set its motion for immediate preliminary hearing.

ORDER - 3